JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00621-CJC(JPRx)                    Date: April 22, 2013

Title: 9742 JOYZELLE TRUST V. IRENEO D. ALIPIO JR.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff 9742 Joyzelle Trust, Kingdom Property Inc. as Trustee ("Plaintiff") filed this state law action for unlawful detainer against Ireneo D. Alipio Jr. ("Defendant") in the Superior Court of the County of Orange on January 22, 2013, seeking less than $10,000 in damages. Plaintiff seeks possession of the property at 9742 Joyzelle Drive, Garden Grove, California 92841, which was sold to Plaintiff at a trustee's sale on January 14, 2013. On April 18, 2013, Defendant removed the action to federal court alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1. [Notice of Removal].) For the following reasons, the Court, on its own motion, **REMANDS** this action back to state court.

The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-621-CJC(JPRx)                                      Date: April 22, 2013
                                                                                              Page 2

---

federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

      Defendant has failed to meet his burden of establishing federal jurisdiction.  First, there is no diversity of citizenship because Plaintiff is a trustee doing business in California and Defendant is an individual residing in California.  (Notice of Removal Exh. 1 [Compl.] ¶¶ 1–2.)  Second, the amount in controversy requirement is not met because this action was filed as a limited civil case seeking less than $10,000.  (Compl., caption.)  Accordingly, Defendant has not shown that this Court has diversity jurisdiction.  Further, this case does not appear to present a federal question because it is a straightforward action for unlawful detainer, a state-law claim.

      Defendant cites 28 U.S.C. § 1343 in his Notice of Removal, but that section concerns civil rights cases and is inapplicable here.  Defendant also states that he believes he will not receive a fair hearing or trial in Orange County Superior Court and will be denied due process because the court will ignore evidence.  (Notice of Removal at 1–2.)  Defendant provides no evidence to support this contention and perceived prejudice is not grounds for removal in any case.

      For the foregoing reasons, the Court **REMANDS** this action to state court.


jmc

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU